[No. 22225-6-II.   Division Two.   January 11, 1999.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent,*
v. PATRICIA DENNY, *Appellant.*

*Brock D. Stiles* of *Stiles & Stiles, Inc., P.S.*, for appellant.
*Christine O. Gregoire, Attorney General*, and *M. Catherine Walsh, Assistant*, for respondent.

HOUGHTON, J. — In 1992, Patricia Denny recalled a repressed memory of sexual molestation that had occurred 23 years earlier when she was almost five years old. Denny sought time loss payments from the Department of Labor and Industries (Department) under the Crime Victims Compensation Act (Act). Initially, the Department paid the time loss claim but, in 1993, determined it had erred in paying. Denny appealed the Department decision to an Industrial Appeals Judge (IAJ), who ruled that Denny should be paid time loss compensation. After the Department's appeal to the Board of Industrial Insurance Appeals (Board) was denied, the Department appealed to the superior court, which reinstated the Department's decision denying time loss compensation. We hold that under RCW 7.68.070(7), Denny was not eligible for the payments

because she was not gainfully employed at the time of the criminal act and, therefore, affirm the superior court and reinstate the Department decision.

## FACTS

On October 17, 1992, Denny recalled a repressed memory of sexual molestation that had occurred in 1969. In December 1992, Denny reported her recollection to a psychologist, who diagnosed her as suffering posttraumatic stress disorder resulting from the molestation. The psychologist also opined that Denny was incapable of reasonable continual gainful employment from October 17, 1992 to October 25, 1993. Denny stopped working as a school bus driver on October 17, 1992, when she recalled the molestation.

On December 23, 1992, Denny applied to the Department for benefits under the Act. The Department allowed the claim and began paying time loss compensation. On July 12, 1993, after further reviewing the case, the Department issued an order stating that Denny had been paid in error from October 1992 through May 1993 because she had not been employed at the time of the 1969 criminal act.

The Department declined to reconsider its 1993 order disallowing time loss compensation and Denny appealed to an IAJ. The IAJ reversed the Department's order denying compensation, basing its decision upon RCW 7.68.060(3) and another IAJ decision, *In re Vanderpool*, No. 92 C133, Bd. of Indus. Ins. Appeals (Sept. 13, 1993). The IAJ first determined that under RCW 7.68.060(3), the right to compensation accrues at the time the victim discovers the crime. In *Vanderpool*, another IAJ found that where the conscious memory of a crime has been repressed, the date of the crime used in determining time loss eligibility is the date the crime is recalled, not the date it occurred.

The Department appealed to the Board, which denied review and adopted the IAJ's decision. The Department

then appealed to the superior court, which reversed the Board's decision and reinstated the Department decision denying time loss compensation because the criminal act occurred in 1969, rather than when the memory of it was recovered.

Denny appeals.

## ANALYSIS
### Standard of Review

■ Denny contends that the superior court erred in determining that she was ineligible for time loss compensation because she was not employed at the time of the criminal act. Although Denny assigns error to the superior court ruling, her underlying claims are against the Department. Therefore, our review of an administrative decision is based upon the agency record, not upon the trial court record. *See Franklin County Sheriff's Office v. Sellers*, 97 Wn.2d 317, 323-24, 646 P.2d 113 (1982), *cert. denied*, 459 U.S. 1106 (1983).

■ We review an agency's legal determinations under an error of law standard, which permits us to substitute our judgment for that of the agency. *See* RCW 34.05.570; *Haley v. Medical Disciplinary Bd.*, 117 Wn.2d 720, 728, 818 P.2d 1062 (1991); *see also Macey v. Employment Sec. Dep't*, 110 Wn.2d 308, 313, 752 P.2d 372 (1988). But substantial weight is accorded the agency's legal interpretation if it falls within the agency's expertise in a special area of law. *Macey*, 110 Wn.2d at 313.

### Timeliness of the Application

Former RCW 7.68.060(1) sets forth claim application requirements, including "no compensation of any kind shall be available . . . if:"

> (a) An application for benefits is not received by the department within one year after the date the criminal act was reported to a local police department or sheriff's office or the date the rights of dependents or beneficiaries accrued; or

(b) The criminal act is not reported by the victim or someone on his or her behalf to a local police department or sheriff's office within twelve months of its occurrence or, if it could not reasonably have been reported within that period, within twelve months of the time when a report could reasonably have been made. In making determinations as to reasonable time limits, the department shall give greatest weight to the needs of the victims.[1]

In 1990, the Legislature enlarged the time during which victims of repressed memory may file claims, by amending RCW 7.68.060(3) to provide:

Because victims of childhood criminal acts may repress conscious memory of such criminal acts far beyond the age of eighteen, the rights of adult victims of childhood criminal acts shall accrue at the time the victim discovers or reasonably should have discovered the elements of the crime. In making determinations as to reasonable time limits, the department shall give greatest weight to the needs of the victim.

Thus, under former RCW 7.68.060, a crime victim whose memory is repressed could make a valid claim more than one year after the crime.[2] The Department concedes that Denny filed a timely application for benefits.[3]

### Eligibility for Benefits

Next, we turn to the benefits provided to a claimant who submits a timely claim. RCW 7.68.070 specifies and limits benefits accrued under RCW 7.68.060(3). RCW 7.68.070(7) provides, in pertinent part:

---

[1]In 1996, the Legislature amended RCW 7.68.060(1)(a) to allow submission of an application "within two years after the date the criminal act was reported to a local police department or sheriff's office or the date the rights of dependents or beneficiaries accrued, unless the director has determined that 'good cause' exists to expand the time."

[2]*See* footnote 1.

[3]At oral argument, counsel for the Department stated that, although Denny applied for benefits more than one year after recalling the molestation, the Department does not dispute the timeliness of her application.

The benefits . . . for temporary total disability shall be the benefits obtainable under this chapter, . . . *Provided, That no person is eligible for temporary total disability benefits under this chapter if such person was not gainfully employed at the time of the criminal act,* and was not so employed for at least three consecutive months of the twelve months immediately preceding the criminal act.[4]

(Emphasis added.)

Denny asserts that by promulgating RCW 7.68.060, which sets forth an expanded claims filing period accommodating repressed memory victims, the Legislature likewise intended to expand the benefits available under RCW 7.68.070. Denny asserts that under the latter statute, the criminal act occurs when the victim becomes conscious of the repressed memory of the crime rather than when the crime was committed. We disagree.

■■ We interpret a statute to ascertain and to give effect to the intent of the Legislature. *Our Lady of Lourdes Hosp. v. Franklin County,* 120 Wn.2d 439, 445, 842 P.2d 956 (1993). This intent is determined primarily from the language of the statute itself. *Washington Pub. Util. Dists.' Utils. Sys. v. Public Util. Dist. No. 1,* 112 Wn.2d 1, 6, 771 P.2d 701 (1989). If a statute is unambiguous, then its meaning is derived from the statutory language alone. *See State v. Johnson,* 119 Wn.2d 167, 172, 829 P.2d 1082 (1992); *Morris v. Blaker,* 118 Wn.2d 133, 142, 821 P.2d 482 (1992).

■ Here, the statutory scheme is clear: RCW 7.68.060 establishes the application filing period, whereas RCW 7.68.070 defines eligibility for benefits. *L.H. v. Department of Labor & Indus.,* 86 Wn. App. 512, 518, 940 P.2d 657 (1996), *review denied,* 133 Wn.2d 1018 (1997). Moreover, when the Legislature chose to enlarge the period during which a repressed memory victim could apply, it did not

---

4"Criminal act" is defined as "an act committed or attempted in this state which is punishable as a felony or gross misdemeanor under the laws of the state . . . ." RCW 7.68.020 (2). "Gainfully employed" is defined as "engaging on a regular and continuous basis in a lawful activity from which a person derives a livelihood." RCW 7.68.020 (5).

also alter the existing requirements that an applicant meet certain criteria to qualify for benefits. Thus, although Denny qualifies for services such as medical care and counseling,[5] she does not meet the criteria for time loss compensation because she was not employed at the time the crime was committed.

The superior court is affirmed and the Department's decision denying time loss compensation is reinstated.

SEINFELD and HUNT, JJ., concur.

---

[5]Under RCW 7.68.070, with specific exceptions not relevant here, Denny may receive benefits under the Industrial Insurance Act, chapter 51.32 RCW.