[No. 43009-2-I. Division One. July 19, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES THOMAS TRIBBLET, *Appellant*.

*Christopher Gibson* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Charles Wesley Lind, Deputy*, for respondent.

Cox, J. — A crime victim is precluded from receipt of benefits under RCW 7.68.070(7) only if he or she was not employed at the time of the crime *and* was not employed for three of the twelve months immediately preceding the

crime. Here, the victim was entitled to benefits because he was employed for three of the twelve months preceding the crime. We affirm the order of restitution.

After shooting Terry Henderson with a handgun, James Tribblet entered an *Alford*[1] plea to second degree assault with a deadly weapon enhancement. The court imposed a standard range sentence and ordered Tribblet to pay restitution, the amount of which was to be determined at a later hearing. At that hearing, neither Tribblet nor his counsel appeared, and the court ordered Tribblet to pay $15,000 in restitution as compensation for the sums the Department of Labor and Industries (L&I) paid to Henderson under the crime victims' compensation act.[2]

At a subsequent hearing, Tribblet contested the $15,000 restitution order, contending that the benefits paid by L&I were not causally related to the crime. The court rejected Tribblet's arguments and refused to reconsider the amount of the restitution order.

Tribblet appeals.

Tribblet contends that the amount of restitution ordered by the court was improper. We disagree.

The trial court has considerable discretion in ordering a criminal defendant to pay restitution to the victim, but the restitution must have a causal connection with the crime charged.[3] The court's authority to order restitution is purely a creature of statute.[4] Thus, where a court fails to follow the provisions of the governing statute, its restitution order is void.[5] If statutory benefits have been paid as a result of the defendant's crime, L&I may seek restitution.[6]

---

[1]*North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2]RCW 7.68.

[3]*State v. Bunner*, 86 Wn. App. 158, 160, 936 P.2d 419 (1997).

[4]*State v. Hennings*, 129 Wn.2d 512, 519, 919 P.2d 580 (1996).

[5]*State v. Duback*, 77 Wn. App. 330, 891 P.2d 40 (1995).

[6]*See State v. Jeffries*, 42 Wn. App. 142, 145, 709 P.2d 819 (1985), *review denied*, 105 Wn.2d 1013 (1986); RCW 7.68.120.

 Restitution orders must be based on "easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury."[7] Here, L&I paid Henderson benefits for temporary total disability under RCW 7.68.070(7), which states:

> The benefits established in RCW 51.32.090 for temporary total disability shall be the benefits obtainable under this chapter, and provisions relating to payment contained in that section apply under this chapter: PROVIDED, *That no person is eligible for temporary total disability benefits under this chapter if such person was not gainfully employed at the time of the criminal act, and was not so employed for at least three consecutive months of the twelve months immediately preceding the criminal act.*[8]

Tribblet's argument concerning the statute focuses on the italicized language above. Specifically, Tribblet contends that Henderson was not entitled to benefits under this statute because he was not employed at the time of the crime. Tribblet reads the statute to preclude receipt of benefits unless the crime victim was employed at the time of the crime *and* had been employed for at least three out of the twelve months preceding the crime. The State contends that the statute provides only that a crime victim is *ineligible* to receive the benefits if he or she was not employed at the time of the crime *and* had not been so employed for three of the past twelve months.

 In interpreting statutes, we strive to give effect to the intent and purpose of the Legislature.[9] In general, we look to the plain meaning of the words used in the stat-

---

[7]RCW 9.94A.142(1).

[8](Emphasis added.)

[9]*State v. Chester,* 133 Wn.2d 15, 21, 940 P.2d 1374 (1997).

ute.[10] Most importantly, in interpreting a statute, we must avoid "unlikely, absurd or strained consequences."[11]

Here, the plain language of the statute supports the State's interpretation. That language sets forth the requirements for being ineligible to receive benefits. It clearly states that a crime victim is not eligible for disability benefits if he or she is (1) not employed at the time of the crime *and* (2) not employed for three of the twelve months immediately preceding the crime. Only when *both* criteria apply is a crime victim ineligible for benefits. Tribblet urges us to conclude that a crime victim becomes ineligible under this section when only one criterion applies. But the plain language of the statute—in particular the conjunctive "and"—precludes this interpretation.

Here, Henderson was not employed at the time of the crime, but he was employed for three of the twelve months preceding the crime. Thus, he was entitled to benefits under RCW 7.68.070(7). The trial court properly ordered Tribblet to pay restitution to L&I for the disability benefits it paid Henderson.

*Department of Labor & Industries v. Denny*[12] does not compel a different result. There, Denny was unable to work after she recalled a crime that was perpetrated against her 23 years earlier, when she was almost five years old. This court concluded that she was not eligible for benefits under RCW 7.68.070(7) because she was not employed at the time of the crime. The court did not expressly address whether she also had not been employed for three of the twelve months preceding the crime. But common sense tells us that she necessarily would not have been employed during that period, since she was a small child at the time of the crime. Thus, Denny was ineligible for benefits because she

---

[10]*State v. Fjermestad*, 114 Wn.2d 828, 835, 791 P.2d 897 (1990).

[11]*Id.*

[12]93 Wn. App. 547, 969 P.2d 525 (1999).

was not employed at the time of the crime *and* was not employed for three of the twelve months preceding the crime. This result is consistent with our interpretation of RCW 7.68.070(7).

The trial court did not abuse its discretion. We affirm the order of restitution.

COLEMAN and APPELWICK, JJ., concur.

Review denied at 139 Wn.2d 1017 (2000).

