[No. 24560-4-II.   Division Two.   December 1, 2000.]

MAPLEWOOD ESTATES, INC., *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.

*Christine O. Gregoire, Attorney General,* and *Jeffrey L. Adatto, Assistant,* for appellant.

*Stephen D. Kinman,* for respondent.

SEINFELD, J. — The Department of Labor and Industries (Department) appeals a superior court decision reversing the Department's assessment of industrial insurance premiums against Maplewood Estates, Inc. The Board of Industrial Insurance Appeals (Board) had affirmed the assessment. Finding substantial evidence to support the assessment, we affirm the Board's ruling and reverse the superior court.

## FACTS

Maplewood is a construction company specializing in

roofing work. The Department conducted an audit of the work hours that Maplewood reported for its employees. The audit raised questions about the hours reported by James Williams, Maplewood's president.

Williams, a salaried employee, was not automatically subject to the Industrial Insurance Act, but he elected industrial insurance coverage as a corporate officer. Although Williams primarily performed administrative and managerial duties, he also participated in roofing-related work. As a result of the audit, the Department auditor classified Williams as a roofer and, pursuant to former WAC 296-17-350 (repealed 1998),[1] assessed Maplewood 160 hours per month, 480 hours per quarter, for his work time.[2]

On October 30, 1995, the Department issued an order of assessment requiring Maplewood to pay $11,236.10 in industrial insurance premiums. Following Maplewood's appeal of the assessment, an administrative law judge (ALJ) for the Board conducted hearings during which the ALJ examined additional evidence and heard testimony from Williams, his wife, and the Department auditor.

Williams testified that he had worked significantly less than the 480 assessed hours, supporting this contention with his work calendar. Williams alleged he had also offered the work calendar to the auditor but did not "provide" it to the auditor at the time of the audit. He also said that he and the auditor "didn't specifically talk about the calendar."

The auditor testified that she could not recall Williams presenting a work calendar. She did state, however, that she had accepted calendars during other audits provided the calendars contained "a day-by-day description" of work hours and the type of work performed. The auditor stated that she assigned Williams the standard 160 hours per

---

[1] Former WAC 296-17-350 required the Department to assess employers 160 hours per month for salaried employees unless the employer provided complete and accurate documentation of fewer hours. Former WAC 296-17-350(4).

[2] Maplewood does not dispute the Department's decision to classify Williams as a roofer rather than a corporate officer.

month because he had not produced "daily time sheets, clear and accurate time cards."

After hearing testimony and closely examining Williams' calendar, the ALJ affirmed the order of assessment. The ALJ concluded that the work calendar did not constitute "complete and accurate records" of Williams' work hours and that the auditor properly assessed Maplewood 160 work hours for each month of the audit period.

The Board denied Maplewood's petition for review of the ALJ's ruling; thus, the proposed order and decision became final. The superior court then reversed the Board, holding that the assessment was arbitrary and capricious because the auditor failed to consider Williams' "records."

## I. Review of the Department's Audit

■ According to the Department, the superior court erroneously reviewed the Department's actions during the *audit* rather than reviewing the *Board's decision* and record before the Board, which included Williams' testimony and calendar. But, as the Department concedes, this issue is irrelevant because we do not review the superior court's reasoning; we review the Board record applying Administrative Procedure Act (APA) standard of review. RCW 34.05.558; *Okanogan Wilderness League, Inc. v. Town of Twisp*, 133 Wn.2d 769, 776, 947 P.2d 732 (1997); *Batchelder v. City of Seattle*, 77 Wn. App. 154, 158, 890 P.2d 25 (1995).

## II. Arbitrary and Capricious

The Department challenges Maplewood's contention that the assessment was arbitrary and capricious because the auditor and the Board failed to consider Williams' supporting records. It argues that the Board considered those records but they were insufficient to refute the provisions of former WAC 296-17-350.

■ An agency action is arbitrary and capricious when it is "willful and unreasoning action in disregard of facts and circumstances." *Skagit County v. Dep't of Ecology*, 93 Wn.2d

742, 749, 613 P.2d 115 (1980). *See also Buechel v. Dep't of Ecology*, 125 Wn.2d 196, 202, 884 P.2d 910 (1994). Given the documentary evidence before the Board and Williams' testimony as to his record-keeping system, the record shows that the Board's decision was a careful and correct application of Department regulations and not arbitrary and capricious.

## III. Substantial Evidence

Part V of the APA, RCW 34.05.510 through .598, governs judicial review of a final notice of assessment by the Board. RCW 51.48.131. Maplewood has the burden of demonstrating that the agency action was invalid. RCW 34.05.570(1)(a). The agency action under review here is the Board's final order of assessment. *See Scott R. Sonners, Inc. v. Dep't of Labor & Indus.*, 101 Wn. App. 350, 3 P.3d 756 (2000); *Littlejohn Constr. Co. v. Dep't of Labor & Indus.*, 74 Wn. App. 420, 428, 873 P.2d 583 (1994).

We determine the validity of an agency action by examining the action at the time it was taken. RCW 34-.05.570(1)(b). This court will grant relief from the agency action only under certain specific circumstances enumerated in RCW 34.05.570(3)(a) through (i).[3]

---

[3] RCW 34.05.570(3) states:

Review of agency orders in adjudicative proceedings. The court shall grant relief from an agency order in an adjudicative proceeding only if it determines that:

(a) The order, or the statute or rule on which the order is based, is in violation of constitutional provisions on its face or as applied;

(b) The order is outside the statutory authority or jurisdiction of the agency conferred by any provision of law;

(c) The agency has engaged in unlawful procedure or decision-making process, or has failed to follow a prescribed procedure;

(d) The agency has erroneously interpreted or applied the law;

(e) The order is not supported by evidence that is substantial when viewed in light of the whole record before the court, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this chapter;

(f) The agency has not decided all issues requiring resolution by the agency;

(g) A motion for disqualification under RCW 34.05.425 or 34.12.050 was

Maplewood appears to argue that the Board's finding of fact 5 is not supported by substantial evidence. Finding of fact 5 states:

> During the period July 1, 1994 through June 30, 1995, James Williams maintained records on a personal calendar of the number of hours and identity of the job he was working on for the time he spent performing roofing work. During the time he was performing administrative duties in the office, he generally left the calendar pages blank and did not note the number of hours he performed those duties. Mr. Williams also left the calendar pages blank when he was performing activities other than work for Maplewood Estates, Inc. James Williams would calculate the number of hours he worked each quarter in the office at the time he completed his quarterly report at the end of each quarter. He based his estimate of the hours he spent working in the office on his recollection of the amount of business the corporation was performing at the time and his personal activities.

■ We review findings of fact using the substantial evidence standard. *In re Contested Election of Schoessler*, 140 Wn.2d 368, 385, 998 P.2d 818 (2000). "Substantial evidence exists where there is a sufficient quantity of evidence in the record to persuade a fair-minded, rational person of the truth of the finding." *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994). In determining whether there is substantial evidence, we must consider the entire administrative record. RCW 34.05.570(3)(e).

■ Williams testified at the administrative hearing that he used his personal calendar to keep track of his working hours. The calendar contains entries for individual roofing jobs and the hours spent on jobsites, but it is largely devoid

made and was improperly denied or, if no motion was made, facts are shown to support the grant of such a motion that were not known and were not reasonably discoverable by the challenging party at the appropriate time for making such a motion;

(h) The order is inconsistent with a rule of the agency unless the agency explains the inconsistency by stating facts and reasons to demonstrate a rational basis for inconsistency; or

(i) The order is arbitrary and capricious.

of any reference to office hours and it contains numerous blank pages.

Williams admitted that he entered only "billable hours" in his calendar. He also admitted that he did not record his actual office hours and that the blank portions of the calendar represented varying numbers of office hours.

Williams further stated that his hours fluctuated with the seasonal nature of the roofing business. When asked how he could "track" his office hours without recording them in his calendar, Williams replied that he made a "judgment call" based upon the volume of his business and then entered the hours in his quarterly Labor and Industries report at the end of each quarter. In other words, Williams' testimony established that his calendar contained only a portion of the time he worked for Maplewood.

The ALJ's proposed final order shows that he carefully examined the entries on Williams' calendar and considered his testimony and his documentation. Williams' testimony and the calendar constitute substantial evidence supporting the Board's finding of fact 5.

## IV. Application of Former WAC 296-17-350

Further, the Board did not err in rejecting Williams' personal calendar as proof that he worked fewer than 160 hours per month. This issue pertains to the Board's conclusion of law two, which states:

> Maplewood Estates, Inc., failed to maintain complete and accurate records detailing James Williams' hours and therefore, as a salaried person, the Department properly assessed 160 worker hours for each month of the audit period that James Williams was on salary pursuant to WAC 296-17-350.

Board Record at 13.

We interpret former WAC 296-17-350 as we would a statute, giving effect to the regulation's underlying policy and intent. *Walk v. Dep't of Licensing*, 95 Wn. App. 653, 657, 976 P.2d 185 (1999). We review the WAC de novo, deriving

its intent and purpose from the subject matter and regulatory text as a whole. *Eastlake Cmty. Council v. Roanoke Assocs.*, 82 Wn.2d 475, 490, 513 P.2d 36 (1973); *Walk*, 95 Wn. App. at 657; *Children's Hosp. & Med. Ctr. v. Dep't of Health*, 95 Wn. App. 858, 864, 975 P.2d 567 (1999), *review denied*, 139 Wn.2d 1021 (2000). We accord substantial weight to the agency's interpretation of regulations falling within its area of expertise. *Children's Hosp.*, 95 Wn. App. at 864.

The Department, acting pursuant to RCW 51.16.035, promulgated regulations governing the calculation and collection of industrial insurance premiums. Former WAC 296-17-350 requires the Department to assume a certain number of worker hours for certain types of employment. With regard to salaried personnel, this regulation stated that:

> Employers having salaried personnel in their employ shall for the purpose of premium calculation report assumed worker hours based upon one hundred sixty worker hours for each month in which the employee is on salary: *Provided*, That if the employer maintains complete and accurate records, supported by original time cards or timebook entries, the employer may report and pay premium on the actual hours worked by salaried personnel[.]

Former WAC 296-17-350(4). *See also Frank v. Dep't of Licensing*, 94 Wn. App. 306, 311, 972 P.2d 491 (1999) ("shall" is presumptively mandatory).

■■ The regulation does not define "complete" or "accurate"; thus, this court may consult a dictionary to define those terms. *Littlejohn*, 74 Wn. App. at 426. An item is complete when it possesses all necessary parts, items, components, or elements and is not lacking anything necessary. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 465 (1969). An item is accurate when it is "free from error or mistake esp. as the result of care." WEBSTER'S, *supra*, 14. The use of the conjunctive in the unambiguous language of the regulation indicates that an employer's records must meet *both* criteria: accuracy and completeness. *See, e.g., State v*

*Tribblet,* 96 Wn. App. 662, 666, 980 P.2d 794 (1999) (reasoning that the plain meaning of a restitution statute using "and" with regard to two criteria required the application of both criteria), *review denied,* 139 Wn.2d 1017 (2000).

There is no dispute as to the accuracy of Williams' entries regarding hours spent on specific roofing jobs. But the calendar is silent as to the number of hours he worked in the office. As Williams claimed to have spent most of his working time on administrative duties, this record is not complete because it fails to show his office time.

Thus, assuming the auditor failed to consider the calendar, this omission was immaterial. The Board did not err in concluding that Maplewood failed to maintain "complete and accurate records" as former WAC 296-17-350(4) used that term, or in determining that the 160 hour per month presumption was applicable.

Accordingly, we affirm the Board's order of assessment, reverse the trial court, and remand to the Department for further action consistent with the Board's proposed order and decision.

ARMSTRONG, C.J., and HUNT, J., concur.