[No. 18837-0-III. Division Three. June 20, 2000.]

JOHN EIDE, *Appellant*, v. THE DEPARTMENT OF LICENSING, *Respondent*.

*John C. Cooney* and *Michael E. Little* (of *Law Offices of John Cooney & Associates*), for appellant.

*Christine O. Gregoire, Attorney General,* and *Laura J. Watson, Assistant,* for respondent.

KATO, J. — The superior court affirmed the Department of Licensing's revocation of the driver's license of John Eide for refusing to take a breath test. Contending this was error, he appealed. Thereafter, the Department filed a motion to determine appealability, which was referred to a panel of judges. We hold the revocation is not appealable as a matter of right, but is subject only to discretionary review that we decline to accept.

On May 21, 1999, Mr. Eide was arrested for driving under the influence. He initially refused to take a breath test, but later changed his mind after talking to a public defender. The first test was invalid because he did not give a continuous breath sample. The next test read a .151 blood alcohol level. After providing the sample for this test, Mr. Eide belched. As a result, the testing officer invalidated the test and performed a third test. This final test registered his blood alcohol content at .142. After giving this sample, he again belched. The officer concluded Mr. Eide was refusing to take the test by belching.

On July 16, 1999, the Department entered an order revoking Mr. Eide's driver's license for a year for refusing to take a breath test. The superior court upheld the revocation, whereupon Mr. Eide appealed. The Department responded by filing motions to (1) determine appealability and (2) dismiss. A court commissioner asked the parties to focus on whether the case was appealable as of right or subject to discretionary review. After a hearing, the commissioner stayed the order revoking Mr. Eide's license and referred the appealability issue to a panel of judges.

A party may seek review of a superior court decision by two methods: appeal as a matter of right or discretionary review. RAP 2.1(a). RAP 2.2 governs what types of decisions are appealable as a matter of right. RAP 2.3 provides the rules for discretionary review.

■ Mr. Eide seeks review of the superior court order upholding the revocation of his driver's license based upon his refusal to take a breath test. RCW 46.20.308(2)(a) authorizes the Department to revoke an individual's license for a refusal. The individual whose license is being revoked may request a hearing before the Department. RCW 46.20.308(8). The Department's decision at the hearing may be reviewed as follows:

> *If the suspension, revocation, or denial is sustained after such a hearing, the person whose license, privilege, or permit is suspended, revoked, or denied has the right to file a petition in the superior court of the county of arrest to review the final order*

*of revocation by the department in the same manner as an appeal from a decision of a court of limited jurisdiction.* Notice of appeal must be filed within thirty days after the date the final order is served or the right to appeal is waived. Notwithstanding RCW 46.20.334, RALJ 1.1, or other statutes or rules referencing de novo review, the appeal shall be limited to a review of the record of the administrative hearing . . . .The review must be limited to a determination of whether the department has committed any errors of law. The superior court shall accept those factual determinations supported by substantial evidence in the record: (a) That were expressly made by the department; or (b) that may reasonably be inferred from the final order of the department. The superior court may reverse, affirm, or modify the decision of the department or remand the case back to the department for further proceedings.

RCW 46.20.308(9) (emphasis added). By enacting this statute, the Legislature clearly intended the Department's decisions on license revocations to be treated as limited jurisdiction proceedings. *See generally Walk v. Department of Licensing,* 95 Wn. App. 653, 656, 976 P.2d 185 (1999); *Hatfield v. Department of Licensing,* 89 Wn. App. 50, 55, 947 P.2d 269 (1997).

Because these cases are treated as decisions of courts of limited jurisdiction, RAP 2.2(c) governs whether the superior court decision may be appealed:

If the superior court decision has been entered after a proceeding to review a decision of a court of limited jurisdiction, a party may appeal only if the review proceeding was a trial de novo and the final judgment is not a finding that a traffic infraction has been committed.

Under RCW 46.20.308(9), the superior court decision was made in the same manner as its review of a decision of a court of limited jurisdiction. There was no trial de novo. Mr. Eide is not entitled to an appeal as a matter of right under RAP 2.2.

The only other way to seek review is by a petition for discretionary review. RAP 2.3(d) governs when this court

will accept discretionary review of a superior court decision reviewing a decision of a court of limited jurisdiction:

**(d) Considerations Governing Acceptance of Review of Superior Court Decision on Review of Decision of Court of Limited Jurisdiction.** Discretionary review of a superior court decision entered in a proceeding to review a decision of a court of limited jurisdiction will be accepted only:

(1) If the decision of the superior court is in conflict with a decision of the Court of Appeals or the Supreme Court; or

(2) If a significant question of law under the Constitution of the State of Washington or of the United States is involved; or

(3) If the decision involves an issue of public interest which should be determined by an appellate court; or

(4) If the superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by the court of limited jurisdiction, as to call for review by the appellate court.

Mr. Eide claims that discretionary review is appropriate because (1) the superior court order conflicts with the holding of *City of Sunnyside v. Fernandez*, 59 Wn. App. 578, 799 P.2d 753 (1990), and (2) the case involves an issue of public interest.

In *Sunnyside*, Mr. Fernandez argued that the results of his breath test should be suppressed because there was blood in his mouth, which constituted a foreign substance invalidating the test. The court determined that a foreign substance was anything which adversely affects the accuracy of the test results. *Id.* at 582. Uncontradicted testimony indicated that one's blood in one's own mouth would not have any effect on breath test results. The court accordingly held that one's own blood was not a foreign substance. *Id.* at 583.

The court's order upholding the Department's revocation of Mr. Eide's license does not conflict with the holding in *Sunnyside*. Mr. Eide's case involved belching, not blood. He presented no evidence as to what effect, if any, belching would have on breath test results. There is no conflict and

discretionary review is inappropriate on this ground.

■ Mr. Eide also argues this court should accept review because his case involves an issue of public interest. In determining whether an issue involves a sufficient public interest, we consider the public or private nature of the question, the need for future guidance provided by an authoritative determination, and the likelihood of recurrence. *See In re A.D.F.*, 88 Wn. App. 21, 24, 943 P.2d 689 (1997). The question here is whether Mr. Eide's specific conduct constituted a refusal to take the breath test as required by law, which conduct further involves a public question suggesting the need for guidance. His case, however, is fact-specific and the need for future guidance is thus minimal as is the likelihood of recurrence. The superior court decision does not involve an issue of public interest that we should determine.

Discretionary review is denied.

BROWN, A.C.J., and SWEENEY, J., concur.