[Nos. 21935–9–I; 22277–5–I.   Division One.   August 14, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. TIMOTHY JACOB MARTIN, *Appellant.*

*Theresa Doyle* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Kelly Thomas, Deputy,* for respondent.

WINSOR, J.—Timothy J. Martin appeals from a judgment and sentence for violating RCW 9A.56.070, the taking a motor vehicle without permission statute. Martin, who took a motorboat without the owner's permission, contends that the statute does not apply to his acts. We reverse and dismiss.

Martin argues that he was improperly charged and the charges against him must be dismissed, because a motorboat is not a motor vehicle within the meaning of RCW 9A.56.070.[1] The State essentially responds that because a motorboat is a vehicle with a motor, it is a motor vehicle for purposes of the statute. We disagree.

The Washington Criminal Code, RCW Title 9A, implies that as used therein, motor vehicle refers to land-based transportation. Although the criminal code does not define motor vehicle, it does contain a definition of vehicle which is of assistance. Now codified at RCW 9A.04.110(26), it provides that a vehicle is "a 'motor vehicle' as defined in the vehicle and traffic laws, any aircraft, or any vessel equipped for propulsion by mechanical means or by sail". Use of the disjunctive "or" between "'motor vehicle' as defined in the vehicle and traffic laws" and "vessel", suggests that as used in RCW Title 9A, motor vehicle is a term of art referencing only those motorized vehicles within the purview of the vehicle and traffic laws. The vehicle and traffic laws concern only land-based transportation.[2]

More importantly, we do not believe that motor vehicle is commonly understood as including motorboats. The ordinary meaning of motor vehicle is "an automotive vehicle not operated on rails; [particularly] one with rubber

---

[1] RCW 9A.56.070 provides in pertinent part:

"(1) Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, whether propelled by steam, electricity, or internal combustion engine, the property of another, shall be deemed guilty of a felony . . .

"(2) Taking a motor vehicle without permission is a class C felony."

[2] RCW Title 46, the vehicle and traffic laws, defines a motor vehicle as "every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails." RCW 46.04.320. For traffic law purposes, a vehicle is a "device capable of being moved upon a public highway". RCW 46.04.670. As used throughout RCW Title 46, a public highway is a road, on land, for automobiles and other land-based vehicles. See generally RCW 46.04.030, .120, .150, .260, .350, .431, .500, .560. Thus, under the traffic laws, a motorboat is not a motor vehicle.

tires for use on highways". *Webster's Third New International Dictionary* 1476 (1971). Motor vessel is a different term which is separately defined and has its own, distinct ordinary meaning. *Webster's.* To construe RCW 9A.56.070 as encompassing Martin's acts would therefore violate the rule that undefined, unambiguous words within a statute must be given their ordinary meaning.[3]

We also note that in other legal contexts, common understandings limit application of motor vehicle to land–based vehicles. For example, one legal authority generalizes that "the term 'motor vehicle' ordinarily means a vehicle which is self–propelled, being commonly applied to any form of self–propelled vehicle suitable for use on a street or roadway". 60 C.J.S. *Motor Vehicles* § 1(b) (1969). Texas courts hold that a motorboat is not a motor vehicle for purposes of the Texas involuntary manslaughter statute, because:

> It would seem apparent . . . that the common usage of the term "motor vehicle" relates to a conveyance used on land and the term "motorboat" relates to a conveyance used on or in the water.

*Williams v. State,* 698 S.W.2d 266, 268 (Tex. Ct. App. 1985), *aff'd,* 725 S.W.2d 258 (Tex. Crim. App. 1987).[4] Finally, courts uniformly interpret motor vehicle guest statutes as applying only to vehicles operated on land. *See generally* Annot., *What Is "Motor Vehicle" Within Automobile Guest Statute,* 98 A.L.R.2d 543 (1964).

---

[3]Undefined unambiguous words within a statute should be given their ordinary meaning, which may be determined by referring to a dictionary definition. *Brenner v. Leake,* 46 Wn. App. 852, 854–55, 732 P.2d 1031 (1987); *see also Addleman v. Board of Prison Terms & Paroles,* 107 Wn.2d 503, 509, 730 P.2d 1327 (1986) (in an unambiguous statute, words are given their plain and obvious meaning).

[4]In Washington, a motorboat operator could not be convicted under the general traffic laws for reckless or negligent driving, or driving while intoxicated. *See* RCW 46.61.500–.540. Instead, the operator must be charged under RCW 88.02-.095, which pertains only to vessels and makes it a misdemeanor to operate a vessel in a negligent manner or while intoxicated.

278

We conclude that Martin was improperly charged under RCW 9A.56.070. His judgment and sentence are therefore reversed, and the charges dismissed. In an argument to which the State did not respond, Martin also contends that he cannot be recharged with another offense based on the same conduct. *State v. Pelkey*, 109 Wn.2d 484, 491, 745 P.2d 854 (1987); CrR 4.3(c). We agree. The State is therefore barred from further prosecution in this matter.

COLEMAN, C.J., and FORREST, J., concur.

Review denied at 113 Wn.2d 1033 (1989).