[No. 20646-3-II.  Division Two.  December 5, 1997.]

ANNEMARIE HATFIELD, *Respondent*, v. THE DEPARTMENT OF LICENSING, *Petitioner*.

*Christine O. Gregoire, Attorney General*, and *James T. Schmid, Assistant*, for petitioner.

*Christine M. Schaller* and *Edward F. Schaller, Jr.*, of *Foster, Foster & Schaller*, for respondent.

MORGAN, J. — Annemarie Hatfield appealed to the superior court an administrative hearing officer's order that she receive a probationary driver's license. The superior court ruled that she was entitled to a trial de novo, and the Department of Licensing obtained discretionary review. We affirm.

On May 16, 1995, a state trooper arrested Annemarie Hatfield for driving under the influence. Soon after, the Department of Licensing (DOL) changed her driver's license from regular status to probationary status. Hatfield responded by demanding a hearing under former RCW 46.20.365(5), which provided:

> (5) Upon timely receipt of a request and a one hundred dollar fee under subsection (4) of this section, the department shall afford the person an opportunity for a hearing. . . . The hearing shall be conducted in the county of arrest, except that all or part of the hearing may, at the discretion of the department, be conducted by telephone or other electronic means. The hearing shall be held within thirty days following the arrest, unless otherwise agreed to by the department and the person. The hearing shall cover the issues of:

> (a) Whether the law enforcement officer had reasonable grounds to believe the person was driving or in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor;

> (b) Whether the test of the person's alcohol concentration was administered in accordance with RCW 46.20.308; and

> (c) Whether the test indicated that the person's alcohol concentration was 0.10 or higher.[1]

On June 14, 1995, a hearing was held before an administrative hearing officer. That person was not admitted to practice law in Washington. The hearing was conducted and recorded over the phone, with the hearing officer in one location, the arresting officer in another, and Hatfield in a third. The hearing officer ruled adversely to Hatfield.

Hatfield appealed to the superior court under former RCW 46.20.365(7),[2] which provided in part:

> If the . . . issuance [of a probationary license] is sustained after such a hearing, the person . . . who has been issued a

---

[1]Laws of 1994, ch. 275, § 12(5).

[2]Effective September 1, 1995, the quoted portion of RCW 46.20.365(7) was recodified as part of RCW 46.20.308(9).

probationary license, has the right to file a petition in the superior court of the county of arrest in the same manner as an appeal from a decision of a court of limited jurisdiction.

In the superior court, Hatfield moved for a trial de novo. The motion was granted over DOL's objection. DOL then sought and obtained discretionary review.

The parties agree that under former RCW 46.20.365(7), Hatfield may appeal to the superior court "in the same manner as an appeal from a decision of a court of limited jurisdiction." They disagree, however, over what the quoted phrase means. To resolve their disagreement, we examine the manner in which a case can be appealed from a court of limited jurisdiction.

Before the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (the RALJs), an aggrieved party generally took an appeal from a court of limited jurisdiction in the manner set forth in RCW 12.36.[3] Under that statute, the superior court proceeded "in the same manner, as near as may be, as in actions originally commenced in that court," including trial de novo.[4]

Since January 1, 1981, when the RALJs took effect, the manner of taking an appeal from a court of limited jurisdiction has varied according to whether the RALJs govern the superior court's review. When they do, the superior court's review is based on the verbatim record made in the court below, and there is no trial de novo.[5] When they do not, the superior court's review is by trial de novo.

The RALJs do not apply, and there is a right to trial de novo, when the decision of a court of limited jurisdiction is rendered by a judge not admitted to practice law in Washington. Thus, RALJ 1.1(a) expressly states:

---

[3]RCW 12.36.010; RCW 3.30.015; *Last Chance Riding Stable, Inc. v. Stephens*, 66 Wn. App. 710, 712 n.2, 832 P.2d 1353 (1992).

[4]RCW 12.36.050; *see City of Camas v. Kiggins*, 120 Wash. 40, 46, 206 P. 951 (1922); *Springer v. State Dep't of Licensing*, 24 Wn. App. 847, 849-50, 604 P.2d 994 (1979).

[5]RALJ 5.1(a), 6.1 (a), 6.3A(a).

> These rules do not apply . . . to review of a decision of a judge who is not admitted to the practice of law in Washington. These rules do not supersede the procedure for seeking de novo review when these rules do not apply.

Here, the hearing officer was not admitted to practice law in Washington. Therefore, the RALJs did not apply, and Hatfield has a right to trial de novo.

Reduced to its essence, DOL's position is that the phrase, "in the same manner as an appeal from a decision of a court of limited jurisdiction," is synonymous with the phrase, "in the same manner as an appeal governed by the Rules for Appeal of Decisions of Courts of Limited Jurisdiction." For the reasons already discussed, that simply is not true. An appeal from a decision of a court of limited jurisdiction may or may not be governed by the RALJs,[6] and when it is not, it is not taken in the manner set forth in the RALJs.

DOL argues that former RCW 46.20.365(7) is ambiguous, and that we must therefore look behind its language to ascertain the Legislature's intent. When we do this, DOL asserts, we will see that the Legislature's intent was to require review of every probationary-license appeal in the same manner as set forth in the RALJs, without trial de novo.

■ ■ When the Legislature uses words that are clear and unambiguous, we glean its intent from the words it used.[7] When the Legislature enacted former RCW 46.20.365(7) in 1994, the RALJs had already been in effect 13 years. During all that time, RALJ 1.1(a) had clearly stated that the RALJs did not govern all appeals from courts of limited jurisdiction. As a result, we think, there was a clear and distinct difference, which the Legislature

---

[6]RALJ 1.1(a).

[7]*Jones v. Stebbins*, 122 Wn.2d 471, 860 P.2d 1009 (1993); *Hines v. Data Line Sys., Inc.*, 114 Wn.2d 127, 143, 787 P.2d 8 (1990); *Bellevue Fire Fighters Local 1604 v. City of Bellevue*, 100 Wn.2d 748, 750, 675 P.2d 592 (1984), *cert. denied*, 471 U.S. 1015 (1985); *State v. Martin*, 55 Wn. App. 275, 277, 776 P.2d 1383, *review denied*, 113 Wn.2d 1033 (1989).

surely would have perceived, between saying on the one hand that probationary-license appeals would be taken in the same manner as provided in the RALJs and, on the other hand, that such appeals would be taken in the same manner as appeals from a court of limited jurisdiction. When the Legislature said the latter, it used language that was not ambiguous and that clearly described its intent.[8]

DOL also argues that the RALJs govern appeals from the decisions of lay administrative hearing officers, even though they do not govern appeals from the decisions of lay judges. We perceive no principle or policy that would warrant such a distinction, and to make it would be contrary to the plain language of former RCW 46.20.365(7). As already noted, that statute provided that a probationary-license appeal could be taken in the same manner as an appeal from a court of limited jurisdiction, and an appeal from a decision of a court of limited jurisdiction includes trial de novo if the decision-maker was a person not admitted to practice law in Washington.

DOL's remaining arguments need not be reached or do not warrant discussion. We conclude that Hatfield has a right to trial de novo under former RCW 46.20.365(7), and that the trial court did not err by so holding.

Affirmed.

SEINFELD and HUNT, JJ., concur.

---

[8]In making the argument just described, DOL relies heavily on that portion of former RCW 46.20.365(7) which states, "The appellant must pay the costs associated with obtaining the record of the hearing before the hearing officer." Reasoning from the premise that a transcript is unnecessary except when an appeal is governed by the RALJs, it argues that the quoted sentence demonstrates a legislative intent that all appeals taken under former RCW 46.20.365(7) be processed as provided in the RALJs (i.e., without trial de novo). Its premise, however, is flawed. Even when an appeal is taken under RCW 12.36, and not under the RALJs, the appellant is required to file, at his or her expense, "a transcript of all entries made in the justice's docket relating to the case, together with all the process and other papers relating to the case filed with the justice." RCW 12.36.050.