FILED
COURT OF APPEALS
DIVISION II

2013 NOV 13 AM 11: 13

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42790-7-II |
| Appellant, | |
| v. | PUBLISHED OPINION |
| ROBERTA D. MASHEK, | |
| Respondent. | |

BJORGEN, J. — The State appeals the trial court's dismissal of a felony driving under the influence of alcohol (DUI) charge against Roberta D. Mashek under RCW 46.61.502(6).[1] The State argues that (1) the trial court erred when it concluded that the State failed to comply with the 15-minute observation requirement under RCW 46.61.506(4)(a)(ii) and (iii) before administering Mashek's breath alcohol test, (2) the trial court erred when it concluded that Mashek's 1994 DUI assault conviction under former RCW 46.61.522(1)(b) (1983) was not a prior vehicular assault DUI conviction for the purposes of RCW 46.61.502(6) and dismissed the felony DUI charge, and (3) the trial court abused its discretion when it granted Mashek's motion to prohibit the State's proposed drug recognition expert from testifying about field sobriety tests.

---

[1] RCW 46.61.502 has been amended twice since Mashek was charged with felony DUI under the statute. LAWS OF 2013, ch. 293, § 2; LAWS OF 2011, ch. 293, § 2. However, the changes are not relevant to this court's analysis. Accordingly, we cite the current version of the statute.

No. 42790-7-II

We hold that the trial court erroneously required continuous visual observation of the subject of a breath alcohol test under RCW 46.61.506(4)(a)(ii) and (iii). Therefore, we reverse and remand for the trial court to determine whether the State complied with RCW 46.61.506(4)(a)(ii) and (iii) in accordance with this opinion. We also reverse the trial court's dismissal of the felony DUI charge and remand for further proceedings. Finally, we affirm the trial court's exclusion of the State's proposed drug recognition expert.

FACTS

On February 6, 2011, at around 9:00 PM, Deputy Sheriff Jason Wecker observed a car driving toward his patrol vehicle in the middle turn lane down Main Street in Elma, Washington. The car drove through an intersection without turning and swerved into the lane of oncoming traffic directly toward Wecker, who had to turn to the right to avoid hitting the car.

Wecker pulled the car over. He contacted the car's driver, Mashek, and noticed that her eyes were red and droopy and he smelled intoxicants coming from her car. Mashek consented to perform standardized field sobriety tests. After Mashek performed the tests, Wecker concluded that she was intoxicated, arrested her for DUI, and read her *Miranda*[2] rights. After speaking with her attorney, Mashek consented to undergo a breath alcohol test.

In order for a breath alcohol test to be admissible in a prosecution for DUI, the State must present, among other elements, prima facie evidence that the person being tested did not vomit, eat, drink, smoke, or have any foreign substances in her mouth for 15 minutes before the test. RCW 46.61.506(4)(a)(ii), (iii). During the 15 minutes before the test, Mashek was seated at a table in the testing room with Wecker, who sat directly across from her for the majority of that

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

2

time. Before the 15-minute period began, Wecker asked Mashek if she had any foreign substances in her mouth, and she replied that she had a tongue ring, which she subsequently removed. Wecker did not observe Mashek eating, drinking, or smoking and there was no food or drink in the room during the 15-minute period, but Mashek had an electronic cigarette and some mints that Wecker did not take from her during his search. The process leading up to Mashek's test was videotaped, and the videotape revealed that Wecker did not visually observe Mashek for a 3-minute period during the 15 minutes leading up to the breath test because his body was positioned away from her while he was setting up the testing machine.

Wecker administered two tests. The first showed a blood alcohol level of .118 grams per milliliter, and the second showed a blood alcohol level of .116 grams per milliliter. The State charged Mashek with felony DUI, RCW 46.61.502(6),[3] because she had been convicted of vehicular assault DUI under former RCW 46.61.522(1)(b) in 1994.

---

[3] RCW 46.61.502 provides in relevant part:
   (1) A person is guilty of driving while under the influence of intoxicating liquor, marijuana, or any drug if the person drives a vehicle within this state:
     (a) And the person has, within two hours after driving, an alcohol concentration of 0.08 or higher as shown by analysis of the person's breath or blood made under RCW 46.61.506.
   . . . .
   (5) Except as provided in subsection (6) of this section, a violation of this section is a gross misdemeanor.
   (6) It is a class C felony punishable under chapter 9.94A RCW, or chapter 13.40 RCW if the person is a juvenile, if:
     (a) The person has four or more prior offenses within ten years as defined in RCW 46.61.5055; or
     (b) The person has ever previously been convicted of:
   . . . .
     (ii) Vehicular assault while under the influence of intoxicating liquor or any drug, RCW 46.61.522(1)(b).

Mashek moved to suppress the results of the breath alcohol test because Wecker failed to visually observe her for part of the 15-minute period preceding the test.[4] She argued that she put her head below the desk where Wecker could not see her and that Wecker failed to subsequently check her mouth. Mashek also argued that there were multiple occasions on which she put her hands to her mouth and face and Wecker did not see her. The trial court granted the motion to suppress the results of the breath alcohol test. Although the trial court found that "[d]uring the observation period, Ms. Mashek did not put any foreign substances into her mouth," it concluded that Wecker failed to comply with RCW 46.61.506(4)(a) because he did not observe Mashek for a 3-minute span of the 15-minute period, and, thus, the results of the breath alcohol test were not admissible at trial.

On October 19, 2011, Mashek moved to (1) exclude the results of the breath alcohol tests because they had previously been suppressed, (2) dismiss the charge of felony DUI because the vehicular assault DUI statute under which Mashek was previously convicted differed from the vehicular assault DUI statute in effect at the time the Legislature enacted the felony DUI statute, and (3) exclude testimony of the State's proposed drug recognition expert on field sobriety tests. The trial court agreed with Mashek and ordered that (1) the State could not use the breath alcohol test results at trial for any purpose; (2) Mashek's prior conviction for vehicular assault DUI was not a prior vehicular assault conviction within the meaning of RCW 46.61.502(6), and, thus, dismissed the felony DUI charge against Mashek; and (3) the State was prohibited from calling a drug recognition expert to testify regarding the effects of alcohol as it related to field sobriety

_____

[4] Mashek also argued that Wecker did not have reasonable articulable suspicion to make a traffic stop because Mashek "could not have driven in the manner described by the officer's report" and that there was no probable cause for arrest because Wecker did not properly administer the field sobriety tests. Clerk's Papers at 10. These issues are not before us on appeal.

4

No. 42790-7-II

tests. The State appeals the trial court's order excluding the breath alcohol test results, dismissing the felony DUI charge against Mashek, and excluding the State's proposed drug recognition expert testimony.

ANALYSIS

I. STANDARDS OF REVIEW

We review a trial court's order on a suppression motion to determine whether substantial evidence supports the challenged findings of fact and whether those findings support the trial court's conclusions of law. *State v. Bliss*, 153 Wn. App. 197, 203, 222 P.3d 107 (2009). Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the finding's truth. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994). "Credibility determinations are for the trier of fact and are not subject to appellate review. We must defer to the [trier of fact] on issues of conflicting testimony, credibility of witnesses, and persuasiveness of the evidence." *State v. Liden*, 138 Wn. App. 110, 117, 156 P.3d 259 (2007) (citation omitted). Unchallenged findings of fact are verities on appeal. *State v. O'Neill*, 148 Wn.2d 564, 571, 62 P.3d 489 (2003).

Whether RCW 46.61.506(4)(a) requires continuous visual observation and whether a vehicular assault DUI conviction under former RCW 46.61.522(1)(b) is a prior vehicular assault DUI conviction for the purposes of RCW 46.61.502(6) are matters of statutory interpretation, questions of law that we review de novo. *State v. Haddock*, 141 Wn.2d 103, 110, 3 P.3d 733 (2000). "In interpreting a statute, our fundamental objective is to ascertain and carry out the legislature's intent." *State v. Gray*, 174 Wn.2d 920, 926, 280 P.3d 1110 (2012). If the plain language of the statute is unambiguous, we enforce the statute according to its plain meaning.

5

*State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). The plain meaning of an undefined statutory term can be discerned from the dictionary definition of the term. *Estate of Haselwood v. Bremerton Ice Arena, Inc.*, 166 Wn.2d 489, 498, 210 P.3d 308 (2009). We also determine the plain meaning of a statutory provision from the general context of the statute, related provisions, and the statutory scheme as a whole. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005).

Because it is an evidentiary ruling, we review a trial court's decision to admit or exclude drug recognition expert testimony for abuse of discretion. *State v. Baity*, 140 Wn.2d 1, 9, 991 P.2d 1151 (2000). Thus, we reverse only if the trial court's exercise of discretion was manifestly unreasonable or based on untenable grounds or reasons. *State v. Lormor*, 172 Wn.2d 85, 94, 257 P.3d 624 (2011).

## II. OBSERVATION REQUIREMENT UNDER RCW 46.61.506(4)(a)

The State argues that the trial court erred when it concluded that Wecker failed to comply with the observation requirements of RCW 46.61.506(4)(a)(ii) and (iii) when he failed to visually observe Mashek for 3 minutes of the 15-minute observation period. The State contends that the officer's observation was adequate because such observation need not be strictly visual, but, rather, can be a combination of other senses, and because the video recording was prima facie evidence that Mashek did not vomit, eat, drink, or smoke for 15 minutes before the test. Mashek responds that the officer's failure to visually observe her for 3 minutes of the observation period constituted noncompliance with the statutory observation requirement and that a video recording cannot be substituted for direct, visual observation of the defendant.

Mashek also contends that substantial evidence does not support the trial court's finding that she did not put any foreign substances into her mouth. The State is correct.

RCW 46.61.506 governs the validity and admissibility of breath alcohol test results in DUI prosecutions. Under RCW 46.61.506(4)(a), a breath test performed with an instrument approved by the state toxicologist is admissible at trial if the State "produces prima facie evidence" of eight testing requirements. Two of those requirements are:

> (ii) The person being tested did not vomit or have anything to eat, drink, or smoke for at least fifteen minutes prior to administration of the test; [and]
> (iii) The person being tested did not have any foreign substances, not to include dental work, fixed or removable, in his or her mouth at the beginning of the fifteen-minute observation period.

RCW 46.61.506(4)(a). For the purposes of RCW 46.61.506(4)(a), "prima facie evidence" is "evidence of sufficient circumstances that would support a logical and reasonable inference of the facts sought to be proved." RCW 46.61.506(4)(b).

In determining whether the State's evidence is sufficient, we assume its truth and all reasonable inferences from it in a light most favorable to the State. RCW 46.61.506(4)(b). Once the State makes this prima facie showing, all other challenges to the breath alcohol test go to its weight, not its admissibility. RCW 46.61.506(4)(c); *City of Seattle v. Holifield*, 150 Wn. App. 213, 221, 208 P.3d 24 (2009), *rev'd on other grounds*, 170 Wn.2d 230, 240 P.3d 1162 (2010). In addition, in order for the breath alcohol test results to be valid, the analysis must have been "performed according to methods approved by the state toxicologist." RCW 46.61.506(3).

A.    "Prima Facie Evidence" under RCW 46.61.506(4)(a)

Although RCW 46.61.506(4)(a)(iii) refers to an "observation period," none of the requirements in RCW 46.61.506(4)(a) mandate unbroken visual observation as a prerequisite to

admissibility of breath test results at trial. Rather, the statute requires that the State present "prima facie evidence" that the person being tested did not vomit, eat, drink, smoke, or have foreign substances in her mouth for 15 minutes before the test. RCW 46.61.506(4)(a)(ii), (iii).

Wecker testified that Mashek did not eat, drink, or smoke during the 15-minute period before the breath test and that there was no food or drink in the room. The videotape of the 15 minutes preceding the breath alcohol test shows that even when Wecker was not looking at Mashek, she did not eat, drink, smoke, or put any foreign substances in her mouth.

Mashek nevertheless contends that substantial evidence does not support the trial court's finding that she did not have foreign substances in her mouth, because when she dropped her tongue ring on the floor and momentarily ducked below the table, Wecker failed to perform a second mouth check. Mashek, however, failed to indicate what, if anything, she put in her mouth to invalidate the test while she was momentarily out of Wecker's sight. She also contends that substantial evidence does not support the trial court's finding because she put her hands on or near her mouth many times during the observation period. Although Mashek correctly notes that the video recording of the observation period reveals that she touched her face and mouth multiple times during that period, the video does not show that she put anything in her mouth. Finally, she argues that she put a mint in her mouth before the observation period began. However, she did not mention the mint when Wecker asked her just before the 15-minute period began whether she had any foreign substances in her mouth. If accepted as true, Mashek's contention shows at most that she had a mint in her mouth at some point before the 15-minute period began, a period not regulated by the statute. Her own response to Wecker's question

8

provides prima facie evidence that during the 15-minute period, she did not have a mint in her mouth.

The testimony in the record and the videotape of the 15-minute observation period constituted prima facie evidence that Mashek did not vomit, eat, drink, smoke, or have foreign substances in her mouth for 15 minutes before the test was carried out, as required by RCW 46.61.506(4)(a)(ii) and (iii). No more is required for admissibility of breath alcohol tests under RCW 46.61.506(4)(a).

B.    No Observation Requirements in Title 448 WAC

Despite the absence of any specific observation requirements in RCW 46.61.506(4)(a), Mashek contends that the regulations in Title 448 WAC explicitly require a 15-minute visual observation period by the test operator before a test will be deemed valid. Thus, Mashek argues, the State failed to perform the test according to methods approved by the state toxicologist as required by RCW 46.61.506(3) when Wecker failed to visually observe her for 3 of the 15 minutes preceding the test. We disagree.

WAC 448-16-040[5] sets forth the requirements for determining whether the test subject has a foreign substance in his or her mouth:

> Foreign substances, interference, and invalid samples.
> (1) A determination as to whether a subject has a foreign substance in his or her mouth will be made by either an examination of the mouth or a denial by the person that he or she has any foreign substances in their mouth. . . .
> (2) If a subject is wearing jewelry or ornamentation pierced through their tongue, lips, cheek, or other soft tissues in the oral cavity, they will be required to remove this prior to conducting the breath test. If the subject declines to remove the

---

[5] Mashek relies on former WAC 448-13-040 (1999) in support of her argument, but this version of the state toxicologist's breath alcohol test protocol was repealed in 2004. Wash. St. Reg. 04-19-144 (effective Oct. 23, 2004). Accordingly, we address the current WACs.

jewelry or ornamentation, they will be deemed to have a physical limitation rendering them incapable of providing a valid breath sample.

(Emphasis omitted.) Here, before the 15-minute period began, Wecker asked Mashek if she had any foreign substances in her mouth, and she replied that she had a tongue ring, which she subsequently removed. Thus, Wecker complied with WAC 448-16-040 to determine whether Mashek had foreign substances in her mouth before the test.

The current regulations in chapter 448-16 WAC do not provide protocols for ensuring that the test subject did not vomit, eat, drink, or smoke for the 15 minutes preceding the test, and they make no reference to an observation period. Thus, the relevant WACs provide no basis for suppressing the breath test results.

C.    "Observation Period"

The only reference to an observation period in the relevant statutes and regulations is the requirement of RCW 46.61.506(4)(a)(iii) that:

> [t]he person being tested did not have any foreign substances, not to include dental work, fixed or removable, in his or her mouth at the beginning of the fifteen-minute observation period.

Nothing in this provision, however, whether read in isolation or together with the rest of RCW 46.61.506(4)(a), requires continuous, unbroken visual observation of the test subject for the 15-minute period.

Neither the statutes nor the regulations define the term "observation"; thus, we give the term its plain meaning. *Haselwood*, 166 Wn.2d at 498. *Armendariz*, 160 Wn.2d at 110. "Observe" means "to see or sense esp[ecially] through directed, careful, analytic attention" and the term "observation" as "an act or the faculty of observing or taking notice." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1558 (2002). Thus, under its plain meaning, an

10

individual can "observe" by seeing *or* other sensing. Interpreting the term to require exclusively unbroken visual observation is contrary to its ordinary meaning.

This conclusion is riveted more securely into place by the statute's requirement that the State show compliance by prima facie evidence. As noted, prima facie evidence is "evidence of sufficient circumstances that would support a logical and reasonable inference of the facts sought to be proved." RCW 46.61.506(4)(b). To read the statute to require the officer to stare without interruption at the subject would read the notion of prima facie evidence out of the statute.

Mashek argues that the decision in *Walk v. Department of Licensing*, 95 Wn. App. 653, 976 P.2d 185 (1999), requires a different result. In *Walk*, 95 Wn. App. at 658-59, Division Three of our court held that the purpose of former WAC 448-13-040 was satisfied where an officer other than the one operating the breath alcohol test machine observed the defendant, as long as the observing officer communicated his findings to the testing officer. Mashek argues that *Walk* requires that the observing officer visually observe the person taking the test for the entirety of the observation period. *Walk*, however, merely stands for the proposition that the officer conducting the breath alcohol test need not be the officer observing the person to be tested so long as the requisite communication is made. *Walk*, 95 Wn. App. at 658-59. Although the *Walk* court interpreted the term "observe," it did not discuss or hold that the term means only unbroken visual observation. *Walk*, 95 Wn. App. at 657-58. To the contrary, decisions in other jurisdictions reaching similar issues have held that the officer is not required to stare at the defendant for the entire observation period.[6]

---

[6] *See, e.g., Peterson v. Wyoming Dep't of Transp., Drivers' License Div.*, 158 P.3d 706, 711 (Wyo. 2007) ("The fact that the officer may not have stared at [the defendant] the entire time does not render his compliance with the mandatory observation period invalid."); *Bennett v.*

For these reasons, we hold that the observation requirement imposed by RCW 46.61.506(4)(a)(ii) and (iii) does not require fixed, visual observation of the person to be tested for the entire 15-minute observation period. Rather, the observation requirement may be satisfied where the officer uses all of his senses, not just sight, to determine that the person to be tested does not vomit, eat, drink, smoke, or have any foreign substances in her mouth for 15 minutes before the test. Accordingly, we reverse and remand to the trial court to determine whether the State met its burden to make a prima facie showing that Mashek did not vomit, eat, drink, smoke or have any substances in her mouth for 15 minutes before the test in accordance with RCW 46.61.506(4)(a)(ii) and (iii).

### III. DISMISSAL OF FELONY DUI CHARGE UNDER RCW 46.61.502(6)

The State argues that the trial court erred when it dismissed Mashek's felony DUI charge under RCW 46.61.502(6). For the following reasons, the State is correct. Generally, a violation of RCW 46.61.502(1), prohibiting DUI, is a gross misdemeanor. RCW 46.61.502(5). Its violation is a class C felony, however, if:

> (a) The person has four or more prior offenses within ten years as defined in RCW 46.61.5055; or
> (b) The person has ever previously been convicted of:

---

*Dep't of Transp.*, 147 Idaho 141, 144, 206 P.3d 505 (Ct. App. 2009) (Observation requirement satisfied "[s]o long as the officer is continually in position to use his senses, not just sight, to determine that the defendant did not belch, burp or vomit during the observation period. . . . [T]he officer need not 'stare fixedly' at the subject for the entire observation period."); *State v. Vialpando*, 89 P.3d 209, 214 (Utah Ct. App. 2004) (observation period does not require "the undivided attention of the observing officer"; thus, observation period satisfied where defendant sat next to officer in patrol car for 15-minute observation period); *State v. Smith*, 16 Conn. App. 156, 164-65, 547 A.2d 69 (1988) ("[W]e do not interpret [the observation requirement statute] to require that an officer fix his unswerving gaze upon a subject during each fifteen minute interval prior to administration of a breath test. Such an interpretation would not only be practically impossible to perform but would allow a subject to thwart compliance with the regulation simply by turning his head away from the observing officer.").

(i) Vehicular homicide while under the influence of intoxicating liquor or any drug, RCW 46.61.520(1)(a);

(ii) Vehicular assault while under the influence of intoxicating liquor or any drug, RCW 46.61.522(1)(b);

(iii) An out-of-state offense comparable to the offense specified in (b)(i) or (ii) of this subsection; or

(iv) A violation of this subsection (6) or RCW 46.61.504(6).

RCW 46.61.502(6). Subsection (6) of RCW 46.61.502 was effective July 1, 2007. LAWS OF 2006, ch. 73, § 1.

The State charged Mashek with felony DUI under RCW 46.61.502(6) because she was convicted of vehicular assault DUI in 1994 under former RCW 46.61.522. As a preliminary matter, Mashek argues that her 1994 conviction could not count as a "prior offense" for the purposes of RCW 46.61.502(6) because the State failed to prove that she committed the crime while under the influence. In support of her argument, Mashek relies on the judgment and sentence for that conviction, which states that she was convicted of vehicular assault under former RCW 41.61.522 but does not specifically state that she was under the influence or cite the specific statute for vehicular assault DUI. Although Mashek argued below that her 1994 conviction was not a "prior offense" because of amendments made to the statute after she was convicted, she did not argue that the State failed to prove that she committed the crime while under the influence. Generally, we will not review an issue that was not raised in the trial court. RAP 2.5(a). Although there are exceptions to this rule, Mashek fails to argue that any of them apply here; therefore, we decline to address this argument further.

The trial court concluded that changes to the vehicular assault DUI statute, former RCW 46.61.522, between Mashek's conviction of vehicular assault DUI in 1994 and the enactment of

No. 42790-7-II

the felony DUI statute in 2007 precluded the State from using the vehicular assault conviction as a "prior offense" for the purposes of the felony DUI statute. Former RCW 46.61.522 provided:

> (1) A person is guilty of vehicular assault if he operates or drives any vehicle:
>     (a) In a reckless manner, and this conduct is the proximate cause of serious bodily injury to another; or
>     (b) While under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502, and this conduct is the proximate cause of serious bodily injury to another.
> (2) "Serious bodily injury" means bodily injury which involves a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body.
> (3) Vehicular assault is a class C felony punishable under chapter 9A.20 RCW.

In 1996, the Legislature amended RCW 46.61.522 to make vehicular assault a class B felony, and in 2001 the Legislature replaced the "serious bodily injury" element with "substantial bodily harm." LAWS OF 1996, ch. 199, § 8; LAWS OF 2001, ch. 300, § 1. RCW 46.61.522 now provides:

> (1) A person is guilty of vehicular assault if he or she operates or drives any vehicle:
> (a) In a reckless manner and causes substantial bodily harm to another; or
> (b) While under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502, and causes substantial bodily harm to another; or
> (c) With disregard for the safety of others and causes substantial bodily harm to another.
> (2) Vehicular assault is a class B felony punishable under chapter 9A.20 RCW.

Mashek presents two arguments why her 1994 conviction cannot be used to elevate her present DUI conviction to a felony. First, she refers to the rule in RCW 9.94A.525(2)(b) and (c) that for purposes of calculating an offender score, class B prior felony convictions will not be counted if the offender did not commit a crime for 10 years after conviction and class C prior felony convictions will not be counted if the offender did not commit a crime for 5 years after conviction. Calculation of an offender score, though, is a sentencing matter; while the

14

determination whether the defendant had previously been convicted of vehicular assault DUI is an element of the crime of felony DUI. Thus, any difference in calculation of the offender score between current and former RCW 46.61.522 has no bearing on whether Mashek committed the crime of felony DUI and does not render the statute ambiguous.

Second, Mashek argues that her vehicular assault DUI conviction should not have elevated her DUI conviction to a felony under RCW 46.61.502(6) because the level of harm the State was required to prove when she was convicted under former RCW 46.61.522 was different from that required under the current version. "Substantial bodily harm," the standard in the current statute, means "bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily part or organ, or which causes a fracture of any bodily part." RCW 9A.04.110(4)(b). "Serious bodily injury" the standard of the 1994 statute, means "bodily injury which involves a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body." Former RCW 46.61.522(2). "'Bodily injury' . . . means physical pain or injury, illness, or an impairment of physical condition." RCW 9A.04.110(4)(a).

Any showing of "serious bodily injury" required under former RCW 46.61.522 would certainly meet the current requirement that the State show "substantial bodily harm." Accordingly, the change in the level of harm required by the statute does not preclude consideration of the 1994 conviction. Consequently, we reverse the dismissal of the felony DUI charge.

## IV. DRUG RECOGNITION EXPERT TESTIMONY

The State also argues that the trial court abused its discretion when it excluded proposed drug recognition expert testimony without first allowing the proposed expert to testify regarding his or her qualifications. We disagree with the State on this point. ER 702 governs the admissibility of expert testimony, and provides,

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Thus, under ER 702, proposed drug recognition expert testimony must satisfy a two-part test to be admissible. The trial court must determine (1) whether the witness qualifies as an expert and (2) whether the expert's testimony would be helpful to the trier of fact. *Baity*, 140 Wn.2d at 18. "A proper foundation for [drug recognition expert] testimony would include a description of the [drug recognition expert]'s training, education, and experience in administering the test, together with a showing that the test was properly administered." *Baity*, 140 Wn.2d at 18.

The State contends that the trial court abused its discretion when it failed to allow questioning of the proposed expert to determine the expert's credentials. Relying on *Baity*, 140 Wn.2d at 18, Mashek responds that because the breath alcohol test was not properly administered, there was no proper foundation for the testimony and the trial court properly excluded it. Both parties' assertions are factually inaccurate.

First, there is no evidence in the record that the trial court denied the State an opportunity to present the credentials of its proposed drug recognition expert. In fact, the State informed the trial court about the value of the proposed drug recognition expert's testimony in response to Mashek's motion to exclude it. Second, the State did not seek to introduce the drug recognition

16

expert's testimony to discuss Mashek's breath alcohol test; rather, it sought to admit the testimony to explain the results of the field sobriety tests as other evidence of intoxication after the trial court excluded the results of the breath alcohol test.. The trial court refused the proposed expert's testimony about the field sobriety tests because the testimony would have been no more helpful than Wecker's testimony about the field sobriety tests, since Wecker was trained in administering the tests.

Further, the State failed to show how the drug recognition expert's testimony would have been helpful to the jury and, thus, failed to show that the expert's testimony was admissible under ER 702. The State argued in response to Mashek's motion to exclude the drug recognition expert's testimony that the proposed expert was "more familiar" with the field sobriety tests than Wecker and that he would be "better" at explaining the tests to the jury than Wecker. Report of Proceedings (Oct. 21, 2011) at 11-12. But the State failed to show the trial court how the proposed expert's testimony would be helpful to the jury other than the bare assertion that he would be "better" at explaining the tests than Wecker. Accordingly, the trial court reasonably concluded that on the facts presented here, the proposed expert's testimony would not have been helpful to the jury. The trial court did not abuse its discretion when it excluded the evidence under ER 702.

We reverse the trial court's ruling excluding the results of the breath alcohol test and remand to the trial court to determine whether the State made a prima facie showing that Mashek did not vomit, eat, drink, smoke or have any substances in her mouth for 15 minutes before the

No. 42790-7-II

test in accordance with RCW 46.61.506(4)(a)(ii) and (iii). We also reverse the trial court's

dismissal of the felony DUI charge and remand for proceedings consistent with this opinion. We

affirm the trial court's exclusion of the State's proposed drug recognition expert.

BJORGEN, J.

We concur:

PENOYAR, J.

WORSWICK, C.J.

18