# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| STATE OF WASHINGTON,<br><br>              Respondent,<br><br>v.<br><br>JAMES OTIS LESTER,<br><br>              Appellant. | No. 70124-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: April 21, 2014 |
| --- | --- |

LEACH, J. — James Lester appeals his conviction for assault in the first degree, claiming that he was incompetent to stand trial. Because Lester fails to show that the trial court abused its discretion when it found him competent to stand trial, we affirm.

## Background

On February 9, 2011, the State charged Lester with assault in the first degree. Before trial, defense counsel informed the court that he had reason to believe Lester was not competent to stand trial "due to his declining cognitive status." On January 24, 2012, the court ordered a pretrial competency evaluation by Western State Hospital.

Dr. John Neer, a defense-retained neuropsychologist, and Dr. Joanna Johnson, a Western State Hospital forensic psychologist, examined Lester. For his evaluation, Dr. Neer interviewed Lester, administered a number of cognitive

tests, and reviewed medical records from Harborview Medical Center and Dr. Johnson's report. Dr. Neer diagnosed Lester with cognitive disorder not otherwise specified or dementia not otherwise specified. He testified that Lester had difficulty remaining focused during their conversation and that Lester has an IQ of 68, which indicates mild mental retardation to borderline range of functioning. But Dr. Neer also testified that Lester understood generally the charge of murder and "the role of the different courtroom participants," that Lester expressed faith and trust in his attorney, that Lester was able to talk about the "the entire court process," and that he was able to "discuss a situation where the police came, and he was confronted by the police, and he was arrested." In his report, Dr. Neer stated,

> It is believed that he would be unable to track information presented by his attorney, process it in a meaningful manner, and have a constructive exchange in conversation about his legal [sic]. It is also believed that Mr. Lester would be unable to recall any information that he had previously discussed with his attorney. His decision-making process would likely be irrational, impulsive and perhaps be based on information that is unassociated or loosely related to his case. The deficits that are interfering with his ability to assist counsel are believed to be secondary to dementia.
>
> Based on neuropsychological assessment results, clinical interviews, and collateral records, it is my opinion that Mr. Lester does not have the capacity to assist his attorney in his own defense due to his severe cognitive impairments.

Dr. Neer believed it was "fairly unlikely that he would improve to the level of having a capacity to assist counsel."

For her evaluation, Dr. Johnson interviewed Lester and his attorney and reviewed King County Correctional Facility records, Harborview Medical Center

records, information from defense counsel, information from the King County Crisis and Commitment Services, discovery documents that the State provided, the Mental Health Division Intranet Database, and a Washington Access to Criminal History Report from the Washington State Patrol. Lester had no history of psychiatric hospitalization or outpatient mental health treatment but had past diagnoses of depression, seizure disorder, and alcohol abuse and dependence.

Dr. Johnson concluded in her report:

> Mr. Lester presented with no signs or symptoms of psychosis and although he exhibited mild memory impairment[,] in my opinion, his competence is sufficient to proceed. Mr. Lester appreciates the allegations against him, the seriousness of them, and possible penalties. He further demonstrated sufficient understanding of court procedures, legal strategies and the roles of courtroom participants. Regarding any court related information that he misunderstands or lacks knowledge of, Mr. Lester demonstrated the capacity to learn new information and subsequently to reasonably apply it to his legal case.
>
> Mr. Lester reported that he has paperwork which identifies the charges and other information related to his case. Memory aids such as this is highly recommended; however there is a lack of data to suggest that his memory is so impaired that he cannot assist defense counsel. The jail records do not indicate any significant memory or cognitive impairment. Indeed, Mr. Lester was able to recall and relate information that he had discussed with his attorney to jail staff, specifically his plea options.
>
> Mr. Lester is capable of reasonably assessing his legal options and his decision-making abilities are intact. His behavior was well-controlled during the interview, suggesting the ability to work with defense counsel and his ability to manifest appropriate courtroom behavior. Mr. Lester expressed some concerns about his attorney; however they were not delusional or irrational. He understands that defense counsel is supposed to help him and he reported that he does trust his attorney's judgment. Mr. Lester is further capable of participating in planning a defense strategy and to make reasoned choices during courtroom proceedings. <u>Therefore, it is my opinion</u>

<u>that Mr. Lester has the capacity to understand the nature of the proceedings against him and the capacity to assist in his defense.</u>

Dr. Johnson testified that low scores on Dr. Neer's neuropsychological tests "doesn't necessarily mean that it's interfering with his functional capabilities to—to be able to assist his attorney or to understand the court process." She opined that Lester "demonstrates the requisite abilities to be able to understand the court process, to reasonably and rationally think about that and to assist his attorney."

The court also considered testimony from Nykia Johnson, a release planner at the King County Correctional Facility. Johnson met with Lester in March 2012 to discuss release planning services. She testified that she contacted Lester's public defender social worker after this meeting to express her concerns that Lester seemed disoriented and reported difficulty performing his adult daily living skills.

Additionally, the court considered testimony from King County Correctional Officers Kenneth Morano and Vincent Johnston. Officer Morano testified that when he had contact with Lester in jail, Lester never appeared disoriented and had no difficulty following directions or communicating. Officer Johnston testified that Lester demonstrated no confusion, disorientation, or memory problems, and was able to follow instructions.

Following a hearing, the court found Lester competent to stand trial. A jury found Lester guilty of assault in the first degree.[1]

Lester appeals.

## Analysis

Lester claims that he "was unable to assist his attorney in his defense because of his mental deficiencies." Both the due process clause of the United States Constitution and RCW 10.77.050 prohibit trying an incompetent criminal defendant.[2] "In Washington, a defendant is competent to stand trial if he understands the nature of the charges and is capable of assisting in his own defense."[3]

Washington courts generally presume that a defendant is competent to stand trial and to assist in his own defense.[4] Based upon this presumption of competency, the defendant bears the burden of proving that he is incompetent to stand trial.[5] In determining competence, the trial court considers the "'defendant's appearance, demeanor, conduct, personal and family history, past

---

[1] The case proceeded to trial on charges of murder in the second degree, assault in the first degree, and assault in the second degree. The jury found Lester not guilty of murder in the second degree and guilty of assault in the second degree. The court dismissed and vacated the conviction for assault in the second degree due to double jeopardy.

[2] State v. Lewis, 141 Wn. App. 367, 381, 166 P.3d 786 (2007) (citing Pate v. Robinson, 383 U.S. 375, 386, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966); In re Pers. Restraint of Fleming, 142 Wn.2d 853, 861, 16 P.3d 610 (2001)).

[3] Lewis, 141 Wn. App. at 381.

[4] State v. Coley, 171 Wn. App. 177, 179, 286 P.3d 712 (2012), review granted, 176 Wn.2d 1024 (2013).

[5] Coley, 171 Wn. App. at 179.

behavior, medical and psychiatric reports and the statements of counsel.'"[6] We will not reverse a trial court's competency determination absent a manifest abuse of discretion.[7] "'A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds' and it 'necessarily abuses its discretion if it applies the incorrect legal standard.'"[8]

Here, the trial court found "by a preponderance of the evidence that the defendant understands the nature of the proceedings against him and is able to effectively assist counsel in the defense of his case." Based upon this finding, the court concluded "by a preponderance of the evidence that the defendant is competent to stand trial."

Lester argues that Dr. Neer's report and testimony are more credible than Dr. Johnson's. "'Credibility determinations are for the trier of fact and are not subject to appellate review. We must defer to the [trier of fact] on issues of conflicting testimony, credibility of witnesses, and persuasiveness of the evidence.'"[9] The trial court had broad discretion to weigh the witnesses' reports and testimony about Lester's competency. Although Lester did not testify at trial,

---

[6] Fleming, 142 Wn.2d at 863 (quoting State v. Dodd, 70 Wn.2d 513, 514, 424 P.2d 302 (1967)).

[7] Lewis, 141 Wn. App. at 381 (citing State v. Crenshaw, 27 Wn. App. 326, 330, 617 P.2d 1041 (1980)).

[8] Kreidler v. Cascade Nat. Ins. Co., No. 71063-0-I, 2014 WL 943108, at *7 (Wash. Ct. App. Mar. 10, 2014) (quoting Gillett v. Conner, 132 Wn. App. 818, 822, 133 P.3d 960 (2006)).

[9] State v. Mashek, 177 Wn. App. 749, 756, 312 P.3d 774 (2013) (alteration in original) (quoting State v. Liden, 138 Wn. App. 110, 117, 156 P.3d 259 (2007)).

the court had the opportunity to observe his appearance, demeanor, and conduct in the courtroom.

The record indicates no irrational behavior. Lester does not show how any noted cognitive impairments prevented him from understanding the nature of the proceedings or effectively assisting his attorney. Lester fails to show that the trial court abused its discretion when it determined that he was competent to stand trial.

## Conclusion

Because Lester fails to show that the trial court abused its discretion when it found him competent to stand trial, we affirm.

WE CONCUR: